IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**ANTHONY WHEELER,**
**REBECCA WHEELER,**

    **Plaintiffs,**

v.                                                          Case No. 3:05cv208/MCR/EMT

**ALLSTATE FLORIDIAN INDEMNITY**
**COMPANY,**

    **Defendant.**
_____/

## O R D E R

Plaintiffs Anthony Wheeler and Rebecca Wheeler brought suit in the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida, against defendant Allstate Floridian Indemnity Company ("Allstate") seeking damages and declaratory relief for Allstate's failure to pay plaintiffs the face value of their homeowner's insurance policy in violation of Florida's "Value Policy Law."  Allstate filed a notice of removal asserting diversity jurisdiction. (Doc. 1).  Presently before the court is plaintiffs' motion to remand (doc. 8) to which Allstate has responded in opposition (docs. 9, 29).  For the reasons stated herein, plaintiffs' motion to remand is due to be granted.

**BACKGROUND**[1]

Allstate issued plaintiffs a homeowner's insurance policy that provided coverage for wind damage or loss to their home and personal property, together with living expenses.[2] Plaintiffs allege that on or about September 15-16, 2004, Hurricane Ivan caused substantial damage to their home and personal property to the extent that the home and much of their personal property were a total loss. Plaintiffs allege on behalf of themselves and the class that Allstate has failed to pay the full amount of coverage for dwelling and personal property damage and loss of use in violation of Florida's Valued Policy Law.[3] Allstate filed a notice of removal pursuant to 28 U.S.C. §§ 1446 and 1453 asserting this court's original jurisdiction under the Class Action Fairness Act ("CAFA").[4] Plaintiffs filed a motion to remand

---

[1] Prior to removal, plaintiffs filed an amended complaint in the underlying state court action in which they asserted class claims. See doc. 1, Ex. 2. For clarity purposes, the court will refer to that complaint as "the amended complaint." The class consisted of and was defined as:

> All Allstate Floridian Indemnity Company insureds who have purchased homeowners insurance and who have sustained a total loss to their property as a direct or partial result of windstorm damage.

[2] The policy provided $93,520 in Dwelling Protection Coverage; $18,704 in Building Structure Reimbursement Extended Limits; $46,760 in Personal Property Coverage; and $9,352 in Additional Living Expense Coverage, subject to the terms and conditions of the policy. See doc. 9, pp. 1, 2.

[3] The Valued Policy Law ("VPL") states in relevant part:

> In the event of the total loss of any building ... located in this state and insured by any insurer as to a covered peril ... the insurer's liability, if any, under the policy for such total loss shall be in the amount of money for which such property was so insured as specified in the policy ....".

Fla. Stat. § 627.702(1). The VPL is part of every real property casualty insurance policy written on property in Florida. Mierzwa v. Florida Windstorm Underwriting Ass'n, 877 So.2d 774, 775 (Fla. 4th DCA 2004) (citations omitted).

[4] The Class Action Fairness Act provides in relevant part:

> (2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which –
>
>     (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.
> ...
>
> (5) Paragraph[] (2)...shall not apply to any class action in which –

asserting that Allstate failed to provide any tangible evidence to establish the amount in controversy or that the number of class members exceeds one hundred. Plaintiffs contend that Allstate fails to meet its burden of establishing a basis for federal jurisdiction and therefore the case must be remanded to state court.  Allstate argues in opposition that a reasonable reading of the amended complaint and attachments thereto demonstrate that plaintiffs are seeking a substantial amount of damages on behalf of themselves and the class and that the aggregated value of all class members' claims totals more than $5,000,000; thus, the jurisdictional requirements of the CAFA are satisfied and this court has jurisdiction to hear the case.

**LEGAL STANDARD**

Any civil case filed in state court may be removed to federal court by a defendant if the federal court has original jurisdiction over the case. See 28 U.S.C. § 1441(a); Ayres v. General Motors Corp., 234 F.3d 514, 517 (11th Cir.2000).  Thus, a defendant may remove a civil action filed in state court provided that either federal question or diversity jurisdiction exists.  A removing defendant bears the burden of proving proper federal jurisdiction and compliance with statutory removal procedures.  See 28 U.S.C. § 1446; Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001)); Adams v. Charter Communications VII, LLC, 356 F.Supp.2d 1268, 1271 (M.D. Ala. 2005) (citations omitted).  Where a plaintiff fails to specify the total amount of damages demanded, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the minimum jurisdictional requirement.  Leonard, 279 F.3d at 972 (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996) overruled on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)).  "A conclusory allegation in the notice of removal that the jurisdictional amount is

---

(B) the number of members of all proposed plaintiff classes in the aggregate is less than 100. 28 U.S.C. §§ 1332(d)(2)(A), (5)(B).

**satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  Williams, 269 F.3d at 1319-20. However, where a plaintiff has not claimed a specific amount of damages, a removing defendant need only show that the amount in controversy will "more likely than not" be satisfied.  Logsdon v. Duron, Inc., 2005 WL 1163095 at * 3 (M.D. Fla. 2005).  In evaluating a challenge to the subject matter jurisdiction of the district court, the jurisdictional facts that support removal must be judged at the time of the removal.  See Sierminski v. Transouth Fin. Corp., 216 F,3d 945, 949 (11th Cir. 2000); Leonard, 279 F.3d at 972.  If jurisdiction was proper on that date, subsequent events, even the loss of the required amount in controversy, will not serve to divest the court of jurisdiction.  Leonard, 279 F.3d at 972 (citation omitted).  Because removal statutes are construed narrowly, "where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  Adams, 356 F.Supp.2d at 1271 (quoting Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.1994)).**

**DISCUSSION[5]**

**Under CAFA, every class members' claim must be aggregated to determine whether the statutory minimum amount in controversy is met.[6] Where, as here, the**

---

[5] Allstate is a resident of Illinois with its principle place of business in Northbrook, Illinois.  Plaintiffs, who were designated as the class representatives, are Florida residents.  The parties do not dispute that the residency requirement is met in this case.  See 28 U.S.C. § 1332(d)(2)(A) (diversity exists if any member of a class is a citizen of a state different from any defendant).

By order entered on November 15, 2005 (doc. 19), the parties were directed to file supplemental memoranda on the issue of subject matter jurisdiction within thirty days.  Subsequent to entry of that order but prior to the filing of supplemental memoranda by either party, plaintiffs filed a motion to amend the amended complaint (doc. 21).  By order entered on December 2, 2005 (doc. 24), the court granted plaintiffs' motion to amend.  In the second amended complaint, plaintiffs dropped their class claims.  See doc. 22. However, because the court must adjudge the jurisdictional facts at the time of removal, the court need not address the second amended complaint for purposes of determining removal jurisdiction.  See Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000); Leonard, 279 F.3d at 972.  Accordingly, the court will evaluate the facts presented in the amended complaint, including the class claims, for purposes of determining subject matter jurisdiction under the CAFA.

[6] Section § 1332(d)(6) provides:

In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs.

**underlying complaint does not specify an exact amount of damages, the removing party must prove the amount in controversy by a preponderance of the evidence.[7] See Leonard, 279 F.3d at 972. To satisfy its burden, Allstate relies upon the amount of plaintiffs' individual claims[8] and argues that, to the extent the proposed class is more than one hundred claimants[9] and assuming that other class members' claims are of approximately the same value, the total of the aggregated claims is greater than $5,000,000. Allstate contends that "[i]f plaintiffs' claim is representative of the other [class] members, then each purported class member's claim would be substantial. If there are only 100 members of this putative class, the amount in controversy required by 1332(d) is met if each member's claim averages $50,000." (Doc. 9, p. 6). Notwithstanding, Allstate further asserts that the amount of other class members' claims is likely to exceed $50,000 as evidenced by other suits filed by plaintiffs' counsel seeking the same relief as the instant case for amounts greatly exceeding $50,000.[10]**

**Upon review of the record, the court finds that Allstate has failed to show by a preponderance of the evidence that the amount in controversy in the instant case exceeds $5,000,000. The complaint contains only cursory information on the**

---

28 U.S.C. § 1332(d)(6).

[7] The amended complaint does not state a specific amount of damages for the class as a whole. Plaintiffs concede this point in their motion for remand. See doc. 8, ¶ 2.

[8] Plaintiffs assert Allstate is required to pay the full face value of their Coverage A protection totaling $93,520 and their Coverage C protection totaling $46,760.

[9] Along with its Memorandum in Opposition to Plaintiffs' Motion to Remand (doc. 9), Allstate filed an affidavit from Keith Hetherly, an insurance adjuster with Allstate. Hetherly avers that there are over one hundred Allstate insureds who claim a total loss to their property as a direct or partial result of windstorm damage. (Doc. 9, Ex. G).

[10] Specifically, Allstate points to four cases: Killam v. Harbor Specialty Ins. Co., Case No. 3:05cv50/MCR/MD seeking policy limits for dwelling coverage of $149,000; Marshall v. Nationwide Ins. Co., Case No. 05-CA261-S filed in the First Circuit Court in and for Santa Rosa County, Florida, seeking policy limits for dwelling coverage of $147,9000; Eubanks v. State Farm, Case No. 05-426-CA01-CON-A filed in the First Circuit Court in and for Santa Rosa County, Florida, seeking dwelling coverage of $158,500 and extended additional limits of $15,850; and Turner v. USF&G Specialty Ins., Case No. 05-166-CA filed in the First Circuit Court in and for Santa Rosa County, Florida, seeking dwelling coverage of $180,000.

**estimated amount of the potential class members' claims and this information is solely based on the amount of coverage under plaintiffs' policy. Allstate relies upon this information and its own estimation that the claims of other claimants are similar in kind and amount to presumptively meet the jurisdictional threshold. Such an assertion, without evidentiary support, is too speculative for the court to find the statutory requirements of § 1332(d) are satisfied.[11] See Williams, 269 F.3d at 1319-20. To the extent Allstate relies upon the amount of damages sought in other cases with similar claims filed by plaintiffs' counsel to suggest that the claims of class members in the instant case would total more than $5,000,000 in the aggregate, counsel's reference of these other cases and claims adds little more than uncertainty as to the value of the claims in this case.[12] Consequently, the court finds that Allstate has not proven by a preponderance of the evidence that the amount in controversy will exceed the $5,000,000 threshold.[13] Accordingly, it is hereby**

---

[11] While the Hetherly affidavit does provide evidentiary support as to the number of class members required by § 1332, it does nothing to support a finding as to the amount of coverage under other class members' policies or potential claims.

[12] It may be that the aggregated claims would exceed $5,000,000 in damages; however, this finding cannot be made on the record before the court applying a preponderance of the evidence standard of proof.

[13] Allstate notes in its memorandum in opposition to remand that plaintiffs seek an award of attorneys' fees in addition to their policy limits. Where attorneys' fees are provided for by statute, such fees are properly considered when determining the jurisdictional amount in controversy in a diversity case. See Missouri State Life Ins. v. Jones, 290 U.S. 199, 54 S.Ct. 133, 78 L.Ed. 267 (1933); Morrison v. Allstate Indemnity Co., 228 F.3d 1255 (11th Cir. 2000). Section 627.428 of the Florida statutes provides in relevant part:

> Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court ... shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which recovery is had.

Fla. Stat. § 627.428. In the instant case, if plaintiffs were to prevail, they would be entitled to an award of attorneys' fees pursuant to § 627.428. However, to the extent Allstate relies upon the inclusion of any attorneys' fees to establish the amount in controversy in this case, the court finds there is no basis for determining what amount, if any, would be awarded. There is no evidence relating to an estimated amount of fees for a breach of contract case such as that presented here, nor is there any evidence of the anticipated amount of fees that will accrue in the instant case. Accordingly, the court again is left with only speculation as to the possible amount of an award, which is insufficient for its consideration of the amount in controversy in this case. See Harris v. Metropolitan Life Ins. Co., 2005 WL 2897931 (N.D. Fla. 2005).

**ORDERED that Plaintiffs' motion to remand (doc. 8) is GRANTED and the Clerk shall remand this case to the Circuit Court in and for Escambia County, Florida.[14]**

**DONE AND ORDERED on this 26th day of April 2006.**

                                                            s/ *M. Casey Rodgers*
                                                        **M. CASEY RODGERS**
                                                        **UNITED STATES DISTRICT JUDGE**

---

[14] The court takes note that Allstate has filed with its opposition to remand a copy of an order entered by Chief Judge Robert Hinkle in a case factually analogous to the instant case.  See Longpoint Condominium Asso. v. Allstate Ins. Cos., 5:50cv45/RH/WCS.  In that case, plaintiff alleged it sustained damages from a 1995 hurricane and that defendant insurer handled the resulting claim in bad faith.  Defendant removed the case to federal court on the basis of diversity of citizenship and plaintiff moved to remand, asserting that defendant had failed to establish the minimum amount in controversy.  Plaintiff's complaint failed to specify a particular amount of damages.  However, the court held that the complaint and other materials in the record sufficiently established that the amount in controversy exceeded the minimum jurisdictional amount.

In the instant case, Allstate relies, in part, on language from the court's order in Longpoint to support its argument that it has carried its burden of establishing by a preponderance of the evidence that the minimum jurisdictional amount is met here.  See Longpoint, 5:05cv208/RH/WCS ("Ordinarily, a plaintiff who claims to have suffered damages of the type listed by plaintiff in the complaint ... seeks damages in excess of [the jurisdictional minimum].  Anyone who has been around many cases of this type well knows this.  In analyzing this record and the positions of the parties, I need not bury my head in the sand or pretend not to know what every lawyer who has practiced in this field well knows.").  Allstate argues that the record in the instant case similarly demonstrates that plaintiffs' claims and those of the proposed class exceed $5,000,000 despite plaintiffs' failure to specify an amount of damages.  However, what Allstate does not acknowledge is that in Longpoint, the record contained a proof of loss statement from the plaintiff and an appraisal award which provided some basis upon which the court could make a finding that the minimum jurisdictional amount in controversy was met.  Such materials are not presented in the instant case as to any of the putative class members and thus any argument by Allstate that this court should not "bury [its] head in the sand" and find that there is sufficient evidence from which it can adduce the amount in controversy based on a general understanding of these types of cases is misplaced.